The opinion of the Court in this case was x iivered by
Mr. Justice Gantt.
This was a claim of dower by Man Smith, 'widow and relict of Thomas Smith, deceased, demandant, against Frederick Paysenger, the defendant, for the recovery of dower in a tract of land, containing one hundred and seventy-six acres. The defendant, by his plea, admits the right of demandant to dower, in twenty-nine acres, part of the one hundred and seventy-six acres, and says, “ That quoad these twenty-nine acres, he has been always ready, and still is so, to repder to the demandant her dower; concluding this part of the plea, with a verification, and praying judgment, if the demandant is entitled to costs, as to these twenty-nine acres; and as to the remaining one hundred and forty-seven acres, he pleads, that the husband was never seized thereof at any time during the coverture,” and concludes thus : “ and of this he puts himself upon the country.” To these pleas the demandant enters a similiter, merely; in other words, joins in the issue tendered to the country. In this way the cause is tried, and the Jury have found a verdict for the demandant for fifty-eight acres; thirteen dollars damage; and cost of suit. The defendant has appealed, and moves to arrest the judgment on two grounds:
*60 First, That the demandant has put in issue the seizin of the whole land, whereas she ought to have replied specially to that part of the plea which has relation to the twenty-nine acres, and prayed judgment thereon, and have put in issue the remaining part only; and,
Secondly, Because it is uncertain whether the verdict, as found, was intended to comprehend dower in the twenty-nine acres, as well as the remaining part of the land.
A motion is also made for a non-suit, and on failure of those grounds taken, a new trial is moved for, on various grounds.
It is to be observed, that the claim of dower is one highly favoured in law; it is intended, by the humanity of the Common Law, as a provision for the sustenance of the wife, and the nurture and education of younger children. It is derived, says Lord Coke, “ ex donations” and being the generous gift of the law, is accompanied with many privileges and immunities, which are not incident to other estates; such as debeni esse quietve de tallagiis; and that tenant in dower shall not be distrained upon for the debt of the king, due by the husband in his life time; that the wife shall be endowed of a seizin in law, &c.; and the law, unwilling that its bounty should be defeated,'in ancient times regarded, with peculiar displeasure, every attempt to circumvent the widow in coming at the right thus secured to her. An instance, and a very strong one, will be found *61 in Co. Litt. 33, where, in consequence of false pleas having been put in and found against the tenant in possession, damages were given to the widow, from the death of the husband, to the' time of her purchasing out the writ, although she had all the time before been in the enjoyment and receipt of one moiety of the profits of the land; and from hence Lord Coke has thought proper to admonish tenants, “ to take heed how they plead false pleas.” With these prefatory remarks, I proceed to the several grounds taken in the present case.
First, in arrest of judgment. The demandant alleges, that her husband was seized in fee of the entire tract of one hundred and seventy-six acres, and that she is entitled to dower therein. This is precise, certain, and clear, and the law requires that the plea should be direct and unequivocal, so that the Jury might give a complete verdict upon the issue, and the Court a certain and distinct judgment upon the premises, in substance, all this has been done. The defendant admits, by his first plea, the right of demandant to dower in twenty-nine acres, and denies a seizin of the husband in the remainder, and tendering an issue to the country. To this a similiter is put in by the demandant; the parties deem themselves at issue, and the case goes to the Jury on the fact of seizin, or not, in the husband. Now the objection is, that the plaintifFhas put in issue the seizin of the whole land, by the similiter filed; *62 but I am of a different opinion.. It is obvious, that the only question for trial, and on which issue is taken, relates to that portion of the land whereof the defendant has pleaded that the husband was never seized. The first plea which admits the right of demandant quoad, twenty-nine acres, will authorize a judgment to be entered by cognovit actionem as to that part; and by the issue the Jury have found, that the husband was also seized of the remainder of the land. And although they have, by their verdict, found this, and more, yet the excess is but surplusage, and shall not stay judgment agreeably to the authority quoted from Co. Litt. 227.
A widow who claims dower, is not obliged to show the deeds by which the seizin of the husband is manifested, asshe is not entitled to have the title deeds.
The admission of the defendant, and the verdict of the Jury, conjointly evince the right of the demandant to dower in the entire tract, as claimed by her, and afford sufficient data for the judgment of the Court to rest upon in awarding the writ of admeasurement of dower. The motion in arrest must, therefore, fail.
The motion for a non-suit, on-the ground that the husband was never seized, by any thing which appeared in evidence, must also fail. He possessed the land, and was the reputed and ostensible owner. The demandant claims, by act of law? and this claim may be exhibited without showing the deeds. The law does not give the demand-ant the property of the deeds, and the right maybe established without them. This is clearly recognised in Loffs Gilbert, page. 90, in the follows *63 ing words: “ Tenant in dower, or by elegit, or the guardian in chivalry, may claim an estate in any thing, lying in dower, without the deed; for when the law creates an estate, and yet not give the particular tenant the property of the deeds, it must be allowed that the estate be defended without them, otherwise the creation of the estate were altogether vain.” It is contended in this case, that the husband derived his title from M'JYure, in whom the fee vested, and that there was no conveyance from him, but that a title was made by the person from whom M'JVure purchased; and although done by his consent, still it could not convey a fee. The defendant probably derives his title through the same channel, and if so, it would very much weaken the objection made by him against the right of the demandant; but, on this head, the testimony is inconclusive; it is to be inferred that the title was strictly legal and regular, and I am not disposed to catch at possibilities for the purpose of sustaining an objection, whereby to defeat an apparently just claim of dower.
I think, therefore, no new trial ought to be had on this latter ground, as moved for; nor do I think that the defendant is entitled to a new trial, on the ground of there being no evidence of damage. The trouble and expense which the demandant has been put to in establishing her claim, by reason of the defence set up by defendant, constitutes a sufficient basis on which to *64 found damage, but inasmuch as the Jury, in all probability, were induced to give damages in this case, from a mistaken view of the law, in relation to costs; I am of opinion that the demandant should release the same.
A 'widow not giving notice of her claim of dow«r, when the land is advertised for sale, is no bar to her recovery.
As to the objection that the land was not sufficiently identified, I think the verdict of the Jury is conclusive on that point.
The fourth ground taken for a new trial of the land having been sold at public sale, and no objections made by the demandant, is still less entitled to consideration. It is probable that she was not conversant of her right at the time; there is no certain evidence respecting it.
Upon the whole case, 1 think the defendant can take nothing by his several motions.
Colcock, JVoii, Cheves, and Johnson, J. concurred.